IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DEON NAILING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case. No.: 21-cv-2108 |
| v. ) | |
| ) | |
| THE CARLE FOUNDATION HOSPITAL, an ) | |
| Illinois corporation, and JESSICA L. GARRETT, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, DEON NAILING, by and through his attorney, Jeffery C. Grossich, Esq., of The Blake Horwitz Law Firm, Ltd., and complaining of Defendants, THE CARLE FOUNDATION HOSPITAL, an Illinois corporation, and JESSICA L. GARRETT, states as follows:

### I.   JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act of 1964, 42 U.S.C.S. § 2000, 42 U.S.C. § 1981, 20 U.S.C.S. § 1681, the Judicial Code, 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### II.   PARTIES

3. PLAINTIFF DEON NAILING (hereinafter "PLAINTIFF") is a resident of the State of Illinois.

4. PLAINTIFF is Black.

5. DEFENDANT THE CARLE FOUNDATION HOSPITAL (hereinafter "DEFENDANT CARLE HOSPITAL") is an Illinois corporation with its principal place of business in Urbana, Illinois.

6. Upon information and belief, DEFENDANT JESSICA L. GARRETT ("DEFENDANT GARRETT") is a resident of the State of Illinois.

7. DEFENDANT GARRETT is Caucasian.

8. At all times relevant to this Complaint, DEFENDANT GARRETT was employed as a nurse by DEFENDANT CARLE HOSPITAL.

9. While working as a nurse for DEFENDANT CARLE HOSPITAL, DEFENDANT GARRETT was under the control and supervision of DEFENDANT CARLE HOSPITAL.

10. While working as a nurse for DEFENDANT CARLE HOSPITAL, DEFENDANT GARRETT was an employee, agent, and/or apparent agent of DEFENDANT CARLE HOSPITAL.

11. At all times material and relevant hereto, DEFENDANT GARRETT was employed by DEFENDANT CARLE HOSPITAL.

12. At all times material and relevant hereto, DEFENDANT GARRETT was acting within the scope of her employment by DEFENDANT CARLE HOSPITAL.

### III. FACTS

13. On January 15, 2020, PLAINTIFF suffered a seizure.

14. On or about January 15, 2020, PLAINTIFF was admitted to DEFENDANT CARLE HOSPITAL.

15. PLAINTIFF went into a coma.

16. On or about January 19, 2020, PLAINTIFF awoke from his coma.

17. After PLAINTIFF awoke from his coma, DEFENDANT GARRETT touched PLAINTIFF'S genitals.

18. When DEFENDANT GARRETT touched PLAINTIFF'S genitals, there was no legitimate medical reason for DEFENDANT GARRETT to touch PLAINTIFF'S genitals.

19. PLAINTIFF requested that DEFENDANT GARRETT stop touching his genitals.

20. DEFENDANT GARRETT touched PLAINTIFF'S genitals a second time.

21. PLAINTIFF did not consent to having his genitals touched by DEFENDANT GARRETT.

22. When DEFENDANT GARRETT touched PLAINTIFF'S genitals a second time, there was no legitimate medical reason for DEFENDANT GARRETT to touch PLAINTIFF'S genitals.

23. DEFENDANT GARRETT made racial comments to PLAINTIFF.

24. DEFENDANT GARRETT said to PLAINTIFF, "What up, my nigga?"

25. DEFENDANT GARRETT said to PLAINTIFF, "Hi, bro."

26. Because of PLAINTIFF'S medical condition, PLAINTIFF was in a vulnerable position.

27. Because of PLAINTIFF'S status as a patient at DEFENDANT CARLE HOSPITAL, PLAINTIFF was in a vulnerable position.

28. DEFENDANT GARRETT was aware of PLAINTIFF'S medical condition.

29. DEFENDANT GARRETT engaged in the above-referenced conduct while DEFENDANT GARRETT and PLAINTIFF were both physically located on the property of DEFENDANT CARLE HOSPITAL.

30. DEFENDANT GARRETT engaged in the above-referenced conduct while DEFENDANT GARRETT was employed by DEFENDANT CARLE HOSPITAL and PLAINTIFF was a patient at DEFENDANT CARLE HOSPITAL.

31. DEFENDANT GARRETT touched PLAINTIFF'S genitals.

32. DEFENDANT GARRETT touched PLAINTIFF'S genitals on at least two occasions.

33. DEFENDANT GARRETT touched PLAINTIFF'S genitals in an offensive manner.

34. When DEFENDANT GARRETT touched PLAINTIFF'S genitals, DEFENDANT GARRETT was employed by DEFENDANT CARLE HOSPITAL.

35. When DEFENDANT GARRETT touched PLAINTIFF'S genitals, DEFENDANT GARRETT was employed as a nurse at DEFENDANT CARLE HOSPITAL.

36. When DEFENDANT GARRETT touched PLAINTIFF'S genitals, PLAINTIFF was a patient at DEFENDANT CARLE HOSPITAL.

37. As a result of the conduct alleged above, PLAINTIFF suffered, and continues to suffer, emotional and psychological injuries.

38. As a result of the conduct alleged above, PLAINTIFF suffered, and continues to suffer, shame, guilt, and embarrassment.

## IV.  ADMINISTRATIVE PREREQUISITES

39. On November 12, 2020, PLAINTIFF filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR"). [Exhibit A].

40. On February 25, 2021, the IDHR entered a "Notice of Opt Out of the Investigative and Administrative Process, Right to Commence an Action in Circuit Court or Other Court of Competent Jurisdiction, and Order of Administrative Closure." [Exhibit B].

## COUNT I
### Discrimination in a Public Accommodation in Violation of 42 USCS § 2000a
**(DEFENDANT CARLE HOSPITAL)**

41.     PLAINTIFF realleges paragraphs 1-40 as though fully set forth herein.

42.     42 U.S.C.S. § 2000a provides that all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination or segregation on the ground of race, color, religion, or national origin.

43.     Pursuant to 42 U.S.C.S. § 2000a, DEFENDANT CARLE HOSPITAL is a place of public accommodation.

44.     PLAINTIFF is a member of a protected class.

45.     PLAINTIFF was not allowed to enjoy DEFENDANT CARLE HOSPITAL.

46.     Others outside of PLAINTIFF'S protected class were allowed to enjoy DEFENDANT CARLE HOSPITAL.

47.     PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF prays for a judgment against DEFENDANT CARLE HOSPITAL, injunctive relief, attorneys' fees, and such other relief as this Honorable Court deems just and equitable.

## COUNT II
### Discrimination Under a Federally Assisted Program in Violation of 42 USCS § 2000d
**(DEFENDANT CARLE HOSPITAL)**

48.     PLAINTIFF realleges paragraphs 1-40 as though fully set forth herein.

49.     Section 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d *et seq.*, provides that no person in the United States shall, on the ground of race, color, or national

origin, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

50. Upon information and belief, DEFENDANT CARLE HOSPITAL receives Federal financial assistance.

51. Upon information and belief, DEFENDANT CARLE HOSPITAL is a program or activity receiving Federal financial assistance.

52. Upon information and belief, PLAINTIFF was an intended beneficiary of the Federal financial assistance given to DEFENDANT CARLE HOSPITAL.

53. PLAINTIFF is a racial minority.

54. While a patient at DEFENDANT CARLE HOSPITAL, PLAINTIFF was subjected to discrimination on the ground of his race and color.

55. As a result of the discrimination PLAINTIFF was subjected to, PLAINTIFF suffered emotional and psychological damages, among other injuries.

56. Private individuals may sue to enforce § 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d *et seq.*, and obtain both injunctive relief and damages.

WHEREFORE, PLAINTIFF prays for a judgment against DEFENDANT CARLE HOSPITAL, injunctive relief, compensatory damages, punitive damages, attorneys' fees, and such other relief as this Honorable Court deems just and equitable.

### COUNT III
### Violation of 42 U.S.C. § 1981
### (DEFENDANT CARLE HOSPITAL)

57. PLAINTIFF realleges paragraphs 1-40 as though fully set forth herein.

58. PLAINTIFF alleges paragraphs 59 through 65 in the alternative.

59. PLAINTIFF sought medical treatment at DEFENDANT CARLE HOSPITAL.

60. DEFENDANT CARLE HOSPITAL agreed to provide medical treatment to PLAINTIFF in exchange for PLAINTIFF agreeing to pay DEFENDANT CARLE HOSPITAL.

61. DEFENDANT CARLE HOSPITAL and PLAINTIFF entered into a contractual relationship.

62. PLAINTIFF is a racial minority.

63. DEFENDANT CARLE HOSPITAL intended to discriminate against PLAINTIFF on the basis of PLAINTIFF'S race.

64. DEFENDANT CARLE HOSPITAL discriminated against PLAINTIFF on the basis of PLAINTIFF'S race.

65. As a result of the actions of DEFENDANT CARLE HOSPITAL, PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF prays for a judgment against DEFENDANT CARLE HOSPITAL, compensatory damages, punitive damages, attorneys' fees, and such other relief as this Honorable Court deems just and equitable.

**COUNT IV**
**Discrimination by Activity Receiving Federal**
**Financial Assistance in Violation of 20 USCS § 1681**
**(DEFENDANT CARLE HOSPITAL)**

66. PLAINTIFF realleges paragraphs 1-40 as though fully set forth herein.

67. 20 U.S.C.S. § 1681 provides that no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any activity receiving Federal financial assistance.

68. Upon information and belief, DEFENDANT CARLE HOSPITAL receives Federal financial assistance.

69. Upon information and belief, DEFENDANT CARLE HOSPITAL is an activity receiving Federal financial assistance.

70. Upon information and belief, PLAINTIFF was an intended beneficiary of the Federal financial assistance given to DEFENDANT CARLE HOSPITAL.

71. PLAINTIFF is male.

72. While a patient at DEFENDANT CARLE HOSPITAL, PLAINTIFF was subjected to discrimination on the ground of his sex.

73. As a result of the discrimination PLAINTIFF was subjected to, PLAINTIFF suffered emotional and psychological damages, among other injuries.

WHEREFORE, PLAINTIFF prays for a judgment against DEFENDANT CARLE HOSPITAL, injunctive relief, compensatory damages, punitive damages, attorneys' fees, and such other relief as this Honorable Court deems just and equitable.

**COUNT V**
**Discrimination on the Basis of Race in Violation of**
**the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq*.**
**(DEFENDANT CARLE HOSPITAL)**

74. PLAINTIFF realleges paragraphs 1-40 as though fully set forth herein.

75. Pursuant to the Illinois Human Rights Act, it is unlawful for a place of public accommodation to discriminate against an individual on the basis of race.

76. Pursuant to the Illinois Human Rights Act, DEFENDANT CARLE HOSPITAL is a place of public accommodation.

77. PLAINTIFF is a racial minority.

78. While a patient at DEFENDANT CARLE HOSPITAL, PLAINTIFF was subjected to discrimination on the basis of his race.

79. As a result of the discrimination PLAINTIFF was subjected to, PLAINTIFF suffered emotional and psychological damages, among other injuries.

WHEREFORE, PLAINTIFF prays for a judgment against DEFENDANT CARLE HOSPITAL, compensatory damages, punitive damages, and such other relief as this Honorable Court deems just and equitable.

### COUNT VI
### Discrimination on the Basis of Color in Violation of the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.*
### (DEFENDANT CARLE HOSPITAL)

80. PLAINTIFF realleges paragraphs 1-40 as though fully set forth herein.

81. Pursuant to the Illinois Human Rights Act, it is unlawful for a place of public accommodation to discriminate against an individual on the basis of color.

82. Pursuant to the Illinois Human Rights Act, DEFENDANT CARLE HOSPITAL is a place of public accommodation.

83. PLAINTIFF is Black.

84. While a patient at DEFENDANT CARLE HOSPITAL, PLAINTIFF was subjected to discrimination on the basis of his color.

85. As a result of the discrimination PLAINTIFF was subjected to, PLAINTIFF suffered emotional and psychological damages, among other injuries.

WHEREFORE, PLAINTIFF prays for a judgment against DEFENDANT CARLE HOSPITAL, compensatory damages, punitive damages, and such other relief as this Honorable Court deems just and equitable.

## COUNT VII
### Discrimination on the Basis of Sex in Violation of the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.*
**(DEFENDANT CARLE HOSPITAL)**

86. PLAINTIFF realleges paragraphs 1-40 as though fully set forth herein.

87. Pursuant to the Illinois Human Rights Act, it is unlawful for a place of public accommodation to discriminate against an individual on the basis of sex.

88. Pursuant to the Illinois Human Rights Act, DEFENDANT CARLE HOSPITAL is a place of public accommodation.

89. PLAINTIFF is male.

90. While a patient at DEFENDANT CARLE HOSPITAL, PLAINTIFF was subjected to discrimination on the basis of his sex.

91. As a result of the discrimination PLAINTIFF was subjected to, PLAINTIFF suffered emotional and psychological damages, among other injuries.

WHEREFORE, PLAINTIFF prays for a judgment against DEFENDANT CARLE HOSPITAL, compensatory damages, punitive damages, and such other relief as this Honorable Court deems just and equitable.

## COUNT VIII
### Battery
**(DEFENDANT GARRETT)**

92. PLAINTIFF realleges paragraphs 1-40 as though fully set forth herein.

93. DEFENDANT GARRETT touched the person of the PLAINTIFF in an offensive manner.

94. The PLAINTIFF did not consent to being touched by DEFENDANT GARRETT.

95. The PLAINTIFF did not consent to having his genitals touched by DEFENDANT GARRETT.

96. DEFENDANT GARRETT committed unlawful, offensive contact against the person of PLAINTIFF.

97. As a result of the battery the PLAINTIFF experienced at the hands of DEFENDANT GARRETT, the PLAINTIFF suffered and continues to suffer emotional and psychological injuries, among other damages.

WHEREFORE, PLAINTIFF prays for a judgment against DEFENDANT GARRETT, compensatory damages, punitive damages, and such other relief as this Honorable Court deems just and equitable.

### COUNT IX
### Intentional Infliction of Emotional Distress
### (DEFENDANT GARRETT)

98. PLAINTIFF realleges paragraphs 1-40 as though fully set forth herein.

99. DEFENDANT GARRETT'S conduct was extreme and outrageous.

100. DEFENDANT GARRETT knew there was a high probability that her conduct would inflict severe emotional distress on PLAINTIFF.

101. DEFENDANT GARRETT'S conduct caused PLAINTIFF severe emotional distress.

102. As a result of DEFENDANT GARRETT'S unlawful conduct, PLAINTIFF suffered and continues to suffer from emotional and psychological injuries, among other damages.

WHEREFORE, PLAINTIFF prays for a judgment against DEFENDANT GARRETT, compensatory damages, punitive damages, and such other relief as this Honorable Court deems just and equitable.

## COUNT X
### Negligent Retention
**(DEFENDANT CARLE HOSPITAL)**

103. PLAINTIFF realleges paragraphs 1-40 as though fully set forth herein.

104. DEFENDANT GARRETT had a propensity for offensively and unlawfully touching patients' genitals.

105. DEFENDANT GARRETT had a propensity for making offensive racial comments.

106. DEFENDANT CARLE HOSPITAL was aware of DEFENDANT GARRETT'S propensity for offensively and unlawfully touching patients' genitals.

107. DEFENDANT CARLE HOSPITAL was aware of DEFENDANT GARRETT'S propensity for making offensive racial comments.

108. DEFENDANT CARLE HOSPITAL knew that DEFENDANT GARRETT had a particular unfitness for her position so as to create a danger of harm to third persons.

109. DEFENDANT GARRETT'S particular unfitness was known by DEFENDANT CARLE HOSPITAL at the time of DEFENDANT GARRETT'S retention.

110. DEFENDANT GARRETT'S unfitness caused PLAINTIFF harm.

111. As a direct and proximate result of DEFENDANT CARLE HOSPITAL'S negligent retention of DEFENDANT GARRETT, PLAINTIFF was harmed and suffered damages.

WHEREFORE, PLAINTIFF prays for a judgment against DEFENDANT CARLE HOSPITAL, compensatory damages, and such other relief as this Honorable Court deems just and equitable.

## COUNT XI
### Negligent Supervision
**(DEFENDANT CARLE HOSPITAL)**

112. PLAINTIFF realleges paragraphs 1-40 as though fully set forth herein.

113. DEFENDANT CARLE HOSPITAL had a duty to supervise DEFENDANT GARRETT.

114. DEFENDANT CARLE HOSPITAL negligently supervised DEFENDANT GARRETT.

115. DEFENDANT CARLE HOSPITAL'S negligent supervision of DEFENDANT GARRETT proximately caused PLAINTIFF'S injuries.

116. As a proximate result of DEFENDANT CARLE HOSPITAL'S negligent supervision of DEFENDANT GARRETT, PLAINTIFF was harmed and suffered damages.

WHEREFORE, PLAINTIFF prays for a judgment against DEFENDANT CARLE HOSPITAL, compensatory damages, and such other relief as this Honorable Court deems just and equitable.

## COUNT XII
### Premises Liability
**(DEFENDANT CARLE HOSPITAL)**

117. Plaintiff realleges paragraphs 1-40 as though fully set forth herein.

118. DEFENDANT GARRETT had a propensity for offensively and unlawfully touching patients' genitals.

119. DEFENDANT GARRETT had a propensity for making offensive racial comments.

120. DEFENDANT CARLE HOSPITAL was aware of DEFENDANT GARRETT'S propensity for offensively and unlawfully touching patients' genitals.

121. DEFENDANT CARLE HOSPITAL was aware of DEFENDANT GARRETT'S propensity for making offensive racial comments.

122. DEFENDANT CARLE HOSPITAL is a business invitor open to the general public.

123. PLAINTIFF was an invitee of DEFENDANT CARLE HOSPITAL.

124. As a business invitor, DEFENDANT CARLE HOSPITAL had a special relationship with PLAINTIFF, its invitee.

125. As a business invitor, DEFENDANT CARLE HOSPITAL had an affirmative duty to protect PLAINTIFF, who was DEFENDANT CARLE HOSPITAL'S invitee.

126. DEFENDANT CARLE HOSPITAL failed to protect PLAINTIFF from the above-alleged actions of DEFENDANT GARRETT.

127. As a direct and proximate result of DEFENDANT CARLE HOSPITAL'S failure to protect PLAINTIFF, PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF prays for a judgment against DEFENDANT CARLE HOSPITAL, compensatory damages, and such other relief as this Honorable Court deems just and equitable.

## COUNT XIII
### Willful and Wanton Supervision
**(DEFENDANT CARLE HOSPITAL)**

128. PLAINTIFF realleges paragraphs 1-40 as though fully set forth herein.

129. Paragraphs 130 through 141 are pleaded in the alternative.

130. DEFENDANT CARLE HOSPITAL had a duty to supervise DEFENDANT GARRETT.

131. DEFENDANT GARRETT had a propensity for offensively and unlawfully touching patients' genitals.

132. DEFENDANT GARRETT had a propensity for making offensive racial comments.

133. DEFENDANT GARRETT posed a danger to patients of DEFENDANT CARLE HOSPITAL, including PLAINTIFF.

134. DEFENDANT CARLE HOSPITAL would have discovered the danger posed by DEFENDANT GARRETT through the exercise of ordinary care.

135. DEFENDANT CARLE HOSPITAL'S failure to discover the danger posed by DEFENDANT GARRETT was the result of recklessness and carelessness on the part of DEFENDANT CARLE HOSPITAL.

136. Alternatively, DEFENDANT CARLE HOSPITAL was aware of the danger posed by DEFENDANT GARRETT to patients.

137. Alternatively, after being made aware of the danger posed by DEFENDANT GARRETT, DEFENDANT CARLE HOSPITAL failed to take action to prevent the danger posed by DEFENDANT GARRETT.

138. Alternatively, DEFENDANT CARLE HOSPITAL consciously turned a blind eye to the known danger posed by DEFENDANT GARRETT to patients.

139. DEFENDANT CARLE HOSPITAL failed to supervise DEFENDANT GARRETT.

140. DEFENDANT CARLE HOSPITAL'S failure to supervise DEFENDANT GARRETT proximately caused PLAINTIFF'S injuries.

141. The acts and/or omissions of DEFENDANT CARLE HOSPITAL proximately caused the injuries sustained by PLAINTIFF, and PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF prays for a judgment against DEFENDANT CARLE HOSPITAL, compensatory damages, punitive damages, and such other relief as this Honorable Court deems just and equitable.

## COUNT XIV
### *Respondeat Superior*
### (DEFENDANT CARLE HOSPITAL)

142. PLAINTIFF realleges paragraphs 1-40 and 92-102 as though fully set forth herein.

143. DEFENDANT CARLE HOSPITAL is the employer of DEFENDANT GARRETT.

144. The aforesaid acts of DEFENDANT GARRETT were committed within the scope of her employment, and therefore DEFENDANT CARLE HOSPITAL, as principal, is liable for the actions of its agent under the doctrine of *respondeat superior*.

WHEREFORE, should DEFENDANT GARRETT, in her individual capacity, be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to the doctrine of *respondeat superior*, DEFENDANT CARLE HOSPITAL pay any judgment obtained against DEFENDANT GARRETT.

### JURY DEMAND

PLAINTIFF demands a trial by jury.

Respectfully Submitted,

*s/Jeffrey C. Grossich*
Attorney for Plaintiff

Jeffery C. Grossich, Esq.
IL ARDC No. 6316511
The Blake Horwitz Law Firm, Ltd.
111 West Washington Street, Suite 1611
Chicago, Illinois 60602
Phone: (312) 676-2100
Fax: (312) 445-8741
jgrossich@bhlfattorneys.com